## Adams et al. *against* M'Ilheny.

A plaintiff having appealed from the judgment of a justice of the peace against him, recovered a judgment in his favour in court. . *Held,* that he was entitled to have a judgment for full costs.

ERROR to *Alleghany* county.

*William M'Ilheny* sued *William Adams* and *George M'Bride* before a justice of the peace, who rendered a judgment for the defendants, from which the plaintiffs appealed, and recovered in court an award for 13 dollars, upon which a judgment was rendered for that sum and costs; to reverse which, as to costs, this writ of error was sued out.

*Selden,* for plaintiff in error, cited, 17 *Serg. & Rawle* 366.

*W. W. Fetterman,* contra, cited, 1 *Rawle* 426; 16 *Serg. & Rawle* 296 ; 1 *Penns. Rep.* 23.

·The opinion of the Court was delivered by

KENNEDY, J.—It appears by the final determination of this cause, that the defendant in error had a just claim against the plaintiffs in error for 13 dollars, which they wholly refused to pay. It may therefore be well said, as it was in *Lamb* v. *Clark,* 17 *Serg. & Rawle* 366, that they have been " the efficient cause of the costs being incurred," both before the justice and in court, and for this reason, if there be no law to militate against it, ought to pay them. From the act of the legislature giving to justices of the peace jurisdiction in certain cases growing out of contracts, I am inclined rather to think that it was not their intention to exonerate a defendant from the payment of costs, where he stood justly indebted to the plaintiff, and without any good reason had entirely refused to pay. Neither do I conceive that it was their design to repeal or alter the statute of Gloucester in respect to the recovery of costs, further than they have made a different provision on the subject. I feel satisfied that the right of the defendant in error to recover costs is not taken away by the act of assembly; and if not given by it, he is entitled to them under the statute of Gloucester.

The award of the arbitrators and judgment are therefore affirmed.